NOTICE

Decision filed 04/26/07. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-07-0020

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| *In re* MARRIAGE OF | ) Appeal from the |
| | ) Circuit Court of |
| JAMES T. CASEY, | ) Union County. |
| | ) |
| Petitioner-Appellant, | ) |
| | ) |
| and | ) No. 06-D-27 |
| | ) |
| STEPHANIE R. CASEY, | ) Honorable |
| | ) Mark M. Boie, |
| Respondent-Appellee. | ) Judge, presiding. |

_____

JUSTICE SPOMER delivered the opinion of the court:

The plaintiff, James T. Casey (James), appeals from the order of the circuit court of Union County that awarded the temporary custody of the minor child, S.C., to the respondent, Stephanie R. Casey (Stephanie), based on its finding that James did not have standing to seek the custody of S.C. James raises two issues on appeal, which we restate as follows: (1) whether the circuit court erred in finding that James did not have standing to seek the custody of S.C. and (2) whether the circuit court's decision to award the temporary custody of S.C. to Stephanie was against the manifest weight of the evidence. For the reasons that follow, we reverse the circuit court's order and remand for further proceedings not inconsistent with this opinion because we find that James does have standing to seek the custody of S.C. We decline to address the issue of whether the circuit court's decision to award the temporary custody of S.C. to Stephanie was against the manifest weight of the evidence, because the circuit court based its decision solely on the standing issue.

The facts necessary for the disposition of this appeal are as follows. James and

1

Stephanie were married on May 14, 2004. Z.C. was born prior to the marriage, on June 13, 2003. S.C. was born during the marriage, on July 6, 2005. On April 10, 2006, James filed a petition for the dissolution of the marriage, a petition for the temporary custody of the minor children, and a petition for an *ex parte* emergency order. At the time James filed his pleadings, James had the physical custody of S.C. and Stephanie had the physical custody of Z.C.

On April 10, 2006, the circuit court entered an order granting James the temporary custody of both minor children and setting the case for a further hearing on April 24, 2006. Prior to the hearing, Stephanie filed a response to the petition for temporary custody which admitted that James was the father of both minor children. Following the April 24, 2006, evidentiary hearing on the petition for temporary custody, the circuit court entered an order granting the temporary custody of both minor children to James, the court having found that Stephanie has serious anger-management issues and has yelled, screamed, used foul language, and made derogatory comments toward the children, physically abused Z.C., and left the children unattended on several occasions.

Following the entry of the order granting James temporary custody, Stephanie filed a motion for an order directing James to submit to a paternity test, raising for the first time the issue of paternity with regard to S.C. The circuit court subsequently entered an order directing the parties to submit to DNA testing regarding the paternity of S.C. In August 2006, James learned that, based on the results of the paternity test, he was not S.C.'s biological father. James disclosed the results of the paternity test to the circuit court on November 29, 2006. Stephanie then filed a motion to reconsider the temporary custody order based on the disclosure of the paternity test results. An evidentiary hearing was held on December 4, 2006, and the parties called numerous witnesses regarding S.C.'s best interests. After hearing evidence, the circuit court entered an order on January 8, 2007, which granted

2

Stephanie's motion to reconsider, finding that it could not address the best interests of S.C. because James did not have standing to petition for the custody of S.C. Accordingly, the order granted the temporary custody of S.C. to Stephanie. James filed a timely notice of appeal.

Standing is a question of law, which we review *de novo*. *In re Marriage of Archibald*, 363 Ill. App. 3d 725, 735 (2006). The procedure by which a party seeks custody in a dissolution proceeding is governed by section 601 of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act), subsections (a) and (b) of which state, in relevant part, as follows:

"(a) A court of this State competent to decide child custody matters has jurisdiction to make a child custody determination in original or modification proceedings as provided in Section 201 of the Uniform Child-Custody Jurisdiction and Enforcement Act as adopted by this State.

(b) A child custody proceeding is commenced in the court:

(1) by a parent, by filing a petition:

(i) for dissolution of marriage or legal separation or declaration of invalidity of marriage; or

(ii) for custody of the child, in the county in which he is permanently resident or found; [or]

(2) by a person other than a parent, by filing a petition for custody of the child in the county in which he is permanently resident or found, but only if he is not in the physical custody of one of his parents[.]" 750 ILCS 5/601(a), (b)(1), (b)(2) (West 2004).

Section 5 of the Illinois Parentage Act of 1984 (Parentage Act) provides, in part, as follows:

3

"Presumption of Paternity.

(a) A man is presumed to be the natural father of a child if:

(1) he and the child's natural mother are or have been married to each other, even though the marriage is or could be declared invalid, and the child is born or conceived during such marriage;

\*\*\*

(b) A presumption under subdivision (a)(1) \*\*\* of this Section may be rebutted only by clear and convincing evidence. \*\*\*"  750 ILCS 45/5(a)(1), (b) (West 2004).

Section 11(g) of the Parentage Act provides, "Any presumption of parentage as set forth in Section 5 of this Act is rebutted if the court finds that the conclusion of the expert or experts excludes paternity of the presumed father."  750 ILCS 45/11(g) (West 2004). However, the appellate court has held that standing to seek relief under the Dissolution Act is based on the status of the party seeking relief *at the time the relief is sought.*  *In re Marriage of Roberts*, 271 Ill. App. 3d 972, 981-82 (1995); *In re Marriage of Slayton*, 277 Ill. App. 3d 574, 578-79 (1996).  In this case, the presumption that James was the father of S.C. had not been rebutted by DNA testing at the time James filed his petition for dissolution and sought the custody of S.C.  Accordingly, he was a parent under section 601(b)(1) of the Dissolution Act (750 ILCS 5/601(b)(1) (West 2004)), which conferred standing on him by virtue of his filing the petition.  Because this is the relevant time period at which to analyze James's standing to seek the custody of S.C., the circuit court erred when it determined that James does not have standing.

It is important to note that our decision in *In re Marriage of Archibald*, 363 Ill. App. 3d 725 (2006), is not inconsistent with our opinion in this case.  In *In re Marriage of Archibald*, the husband was not the presumed father of the child at issue at the time he filed the dissolution action seeking the custody of the child.  *In re Marriage of Archibald*, 363 Ill.

4

App. 3d at 726-27. The husband was seeking the custody of his stepson, a child that was not born during his marriage to the mother. *In re Marriage of Archibald*, 363 Ill. App. 3d at 726-27. Accordingly, at the relevant time period, the husband in *In re Marriage of Archibald* was a nonparent and had to comply with the provisions of section 601(b)(2) of the Dissolution Act (750 ILCS 5/601(b)(2) (West 2002)) in order to have standing to seek the custody of the child, including showing that the child was not in the physical custody of one of its parents, which the Illinois Supreme Court has held requires a showing that the parent voluntarily and indefinitely relinquished the custody of the child (*In re Petition of Kirchner*, 164 Ill. 2d 468, 491 (1995)).

We wish to reiterate that we are reversing the circuit court's order on the standing issue only. On remand, the circuit court will have to determine the best interests of S.C. pursuant to section 602 of the Dissolution Act (750 ILCS 5/602 (West 2004)). In so doing, the circuit court will need to factor in the superior-rights doctrine as it is set forth as follows by the Illinois Supreme Court:

"In child-custody disputes it is an accepted presumption that the right or interest of a natural parent in the care, custody[,] and control of a child is superior to the claim of a third person. The presumption is not absolute and serves only as one of several factors used by courts in resolving the ultimately controlling question of where the best interests of the child lie. [Citations.] A court need not find that the natural parent is unfit or has forfeited his custodial rights before awarding custody to another person if the best interests of the child will be served. [Citations.] This standard or 'guiding star' [citation] is a simple one designed to accommodate the often complex and unique circumstances of a particular case." *In re Custody of Townsend*, 86 Ill. 2d 502, 508 (1981).

As this court recognized in *In re Custody of T.W.*, 365 Ill. App. 3d 1075, 1082-84

5

(2006), the superior-rights doctrine as set forth by the Illinois Supreme Court in *In re Custody of Townsend* is still applicable to proceedings under the Dissolution Act, despite the Illinois Supreme Court's abrogation of the doctrine as it relates to proceedings under the Probate Act of 1975 (755 ILCS 5/11-1 *et seq.* (West 2004)). See *In re R.L.S.*, 218 Ill. 2d 428 (2006). Accordingly, because James is no longer presumed to be the father of S.C., in addition to showing that it is in S.C.'s best interests that he have custody, he will have to demonstrate good cause or reason to overcome the presumption that a parent has a superior right to custody.

For the foregoing reasons, the order of the circuit court that granted the temporary custody of S.C. to Stephanie based on James's lack of standing is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.


Reversed; cause remanded.


GOLDENHERSH and DONOVAN, JJ., concur.

NO. 5-07-0020

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| *In re* MARRIAGE OF | ) Appeal from the<br>) Circuit Court of |
| JAMES T. CASEY, | ) Union County. |
| Petitioner-Appellant, | )<br>) |
| and | )<br>) No. 06-D-27 |
| STEPHANIE R. CASEY, | )<br>) Honorable<br>) Mark M. Boie, |
| Respondent-Appellee. | ) Judge, presiding. |

___

**Opinion Filed**: April 26, 2007

___

**Justices**: Honorable Stephen L. Spomer, J.,

Honorable Richard P. Goldenhersh, J.,
Honorable James K. Donovan, J.,
Concur

___

**Attorney for Appellant** Brian L. Roberts, Roberts Law Firm, 1110 West Main Street, Carbondale, IL 62901

___

**Attorney for Appellee** Lawrence L. Ruemmler, Land of Lincoln Legal Assistance Foundation, Inc., 509 South University Avenue, Third Floor, Carbondale, IL 62901

___